FILED

IN THE UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY BELLAN,

    Plaintiff,

-VS-

NAVIENT SOLUTIONS, INC.,

    Defendant.

_____/

CASE NO.:

8:14 CV-2667-T-33 EAJ

## COMPLAINT

1.    Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3.    The alleged violations described in the Complaint occurred in Manatee County, Florida.

## FACTUAL ALLEGATIONS

4.    Plaintiff is a natural person, and citizen of the State of Florida, residing in Manatee County, Florida

5.    Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

6.    Plaintiff is an "alleged debtor."

7.    Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).



1

8.      Defendant, NAVIENT SOLUTIONS, INC. (hereinafter "NAVIENT"), is a corporation which was formed in Delaware with its principal place of business at 2001 Edmund Halley Dr., Reston, VA 20191-3436 and conducting business in the state of Florida through its registered agent, Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.

9.      The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

10.     NAVIENT called the Plaintiff approximately one hundred and fifty (150) times since 2011, in an attempt to collect a debt.

11.     NAVIENT attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

12.     NAVIENT intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

13.     On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention

14.     Each call NAVIENT made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

15.     Each call NAVIENT made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

16.     Plaintiff began receiving calls in or around 2011 from NAVIENT attempting to collect a debt from him in regards to a student loan.

2

17.   On or about July 11, 2014 Plaintiff answered a call from NAVIENT and spoke to an agent known as "Ryka" (Employee # C-54257), Plaintiff instructed Ryka that he wanted NAVIENT to stop calling him on his cell phone and Ryka responded in the affirmative.

18.   Plaintiff's request to NAVIENT to cease its constant calls to his cell phones was futile in nature as NAVIENT continued calling despite his request.

19.   Plaintiff explained to NAVIENT how he subsisted on social security and could not make payments at the time due to his limited income and to please stop calling him.

20.   On or about September 12, 2014 at 4:30pm, Plaintiff answered another call from NAVIENT and spoke to an agent known as "Christine" (Employee # C-46565) and informed Christine that he does not want NAVIENT to call him anymore.

21.   Due to the voluminous amount of calls received Plaintiff was not able to catalogue every single call he received to his cellphone from NAVIENT, however below is a small sampling:

i)      July 11, 2014 at 5:45pm

ii)     July 14, 2014 at 12:01pm

iii)    July 15, 2014 at 12:22pm

iv)     July 17, 2014 at 9:45am

v)      July 17, 2014 at 12:27pm

vi)     July 24, 2014 at 8:46am

vii)    July 24, 2014 at 12:13pm

viii)   July 31, 2014 at 3:13pm

ix)     August 4, 2014 at 4:07pm

x)      August 4, 2014 at 7:58pm

xi)     August 5, 2014 at 9:37am

xii)    August 5, 2014 at 12:10pm

xiii)	August 7, 2014 at 5:51pm

xiv)	August 8, 2014 at 10:01am

xv)	August 11, 2014 at 9:09am

xvi)	August 11, 2014 at 4:05pm

xvii)	August 12, 2014 at 10:29am

xviii)	August 13, 2014 at 10:59am

xix)	August 13, 2014 at 2:37pm

xx)	August 13, 2014 at 7:52pm

xxi)	August 14, 2014 at 10:22am

xxii)	August 15, 2014 at 9:22am

xxiii)	August 15, 2014 at 12:28pm

xxiv)	August 15, 2014 at 2:57pm

xxv)	August 16, 2014 at 11:02am

xxvi)	August 18, 2014 at 1:25pm

xxvii)	August 18, 2014 at 3:50pm

xxviii)	August 19, 2014 at 9:54am

xxix)	August 19, 2014 at 12:38pm

xxx)	August 20, 2014 at 10:27am

xxxi)	August 20, 2014 at 2:57pm

xxxii)	August 21, 2014 at 9:17am

xxxiii)	August 21, 2014 at 11:24am

xxxiv)	August 21, 2014 at 5:01pm

xxxv)	August 22, 2014 at 4:31pm

xxxvi)	August 23, 2014 at 9:36am

xxxvii) August 25, 2014 at 4:06pm

xxxviii) August 26, 2014 at 10:38am

xxxix) August 27, 2014 at 10:24am

xl)       August 27, 2014 at 2:46pm

xli)      August 28, 2014 at 9:39am

xlii)     August 28, 2014 at 12:17pm

xliii)    August 29, 2014 at 3:13pm

xliv)     September 2, 2014 at 9:32am

xlv)      September 3, 2014 at 11:09am

xlvi)     September 3, 2014 at 3:09am

xlvii)    September 4, 2014 at 9:49am

xlviii)   September 5, 2014 at 10:32am

xlix)     September 5, 2014 at 4:40pm

l)         September 6, 2014 at 11:19am

li)        September 8, 2014 at 4:26pm

lii)       September 9, 2014 at 11:25am

liii)      September 10, 2014 at 10:38am

liv)      September 10, 2014 at 2:47pm

lv)       September 10, 2014 at 8:37pm

lvi)      September 11, 2014 at 11:05am

lvii)     September 12, 2014 at 10:25am

lviii)    September 12, 2014 at 4:30pm

lix)      September 13, 2014 at 10:44am

lx)       September 15, 2014 at 10:33am

lxi)     September 15, 2014 at 5:29pm

lxii)    September 16, 2014 at 9:19am

lxiii)   September 16, 2014 at 12:19pm

lxiv)    September 17, 2014 at 10:27am

lxv)     September 17, 2014 at 2:47pm

lxvi)    September 17, 2014 at 8:01pm

lxvii)   September 18, 2014 at 9:44am

lxviii)  September 18, 2014 at 3:46pm

lxix)    September 20, 2014 at 10:31am

22.     NAVIENT has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

23.     NAVIENT'S willful decision to continue calling Plaintiff after he instructed them to cease clearly entitles Plaintiff to $1,500.00 per call after he unequivocally revoked consent per *Harris v. World Financial Network National Bank*, 867 F. Supp. 2d 888 (S.D. MI, April 3, 2012), wherein the Court found that Harris would be awarded "triple damages, pursuant to 47 U.S.C. § 227(b)(3), for the phone calls and prerecorded messages Defendants placed to Plaintiff's cellular telephone after August 23, 2010 – the date on which Plaintiff first notified Defendant they had the wrong number."

24.     As stated in *Osorio v. State Farm Bank*, Plaintiff clearly and unequivocally revoked any consent to be called on cell phone. Please see *Osorio v. State Farm Bank* 746 F. 3rd 1242 (11th Cir., March 28, 2014).

25.     NAVIENT (formerly Sallie Mae) has been sued in numerous class actions for violations of the TCPA, however simply continues with their violations of Federal Law, including but not

limited to *Mark A. Arthur, et al. v. Sallie Mae, Inc.*, (C10-0198JLR, W.D. WA) and *Nicolas Cummings v. Sallie Mae, Inc.* (1:12-cv-9984, N.D. ILL).

26.     NAVIENT has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or NAVIENT, to remove the incorrect number.

27.     NAVIENT'S corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to NAVIENT that they are the wrong party.

28.     NAVIENT has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

29.     NAVIENT has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people.

30.     NAVIENT has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

31.     NAVIENT'S corporate policy provided no means for the Plaintiff to have his number removed from the call list.

32.     NAVIENT has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

33.     Plaintiff did not expressly consent to NAVIENT'S placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to NAVIENT'S placement of the calls.

34.     None of NAVIENT'S telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

35.     NAVIENT willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

36.     Plaintiff incorporates Paragraphs one (1) through thirty-five (35).

37.     Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

38.     Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

39.     NAVIENT repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against NAVIENT for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

40.     Plaintiff incorporates Paragraphs one (1) through thirty-five (35).

41.     At all times relevant to this action NAVIENT SOLUTIONS, INC. is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

42.     NAVIENT has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

43.   NAVIENT has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

44.   NAVIENT'S actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against NAVIENT for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

William Peerce Howard, Esq.
Morgan & Morgan, Tampa,  P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 223-5402
BHoward@forthepeople.com
Florida Bar #:  0103330
Attorney for Plaintiff